******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

IN RE YASIEL R. ET AL.*
(SC 19372)

The motion of the petitioner-appellee, filed September 8, 2015, for reconsideration, having been presented to the court, it is hereby ordered denied.

ROBINSON, J., did not participate in the consideration or decision of the motion.

October 15, 2015

ZARELLA, J., with whom ESPINOSA, J., joins, dissenting from the denial of the motion for reconsideration of the petitioner, the Commissioner of Children and Families. I would grant the petitioner's motion for reconsideration, which is joined by the children of the respondent mother, Ashley P. (respondent), and grant the relief requested therein. Without reiterating all of the reasons set forth in Justice Espinosa's concurrence and dissent and my concurrence and dissent in this case, I write to add that this court's use of its supervisory authority to reverse the judgment of the Appellate Court is particularly disturbing because it does not correct any injustice suffered by the respondent and, at the same time, has a high probability of harming the two children who are the subjects of the proceedings for the termination of the respondent's parental rights. Thus, contrary to the majority's assertion that principles of fundamental fairness and fair administration of justice require that we exercise our supervisory power, those principles not only are not served in this case, but they are used to work a substantial injustice with respect to the respondent's two children.

The respondent, who the majority recognizes was deprived of no right or privilege; see *In re Yasiel R.*, 317 Conn. 773, 787–88,     A.3d    (2015); will now be entitled to return to juvenile court, where she previously waived her right to a full trial on the advice of counsel, agreed to have the court decide the case on the papers, and decided not to contest the exhibits proffered by the petitioner. Presumably, after having won the right to a new trial on appeal, the respondent will now make different strategic choices than she did the first time, and, if she is unsuccessful, will again appeal. The result will be yet another significant delay in the final placement of the respondent's two children or in their reunification with the respondent.

It is universally recognized that delay in determining whether to terminate parental rights can cause serious and potentially irreparable harm in the lives of the young children who are involved in the termination proceedings. The legislature also has recognized the potential for such harm in General Statutes § 46b-142 (d), which provides: "Notwithstanding subsections (a),

(b) and (c) of this section, the Department of Children and Families, or any party to the action aggrieved by a final judgment in a termination of parental rights proceeding, shall be entitled to *an expedited hearing* before the Appellate Court. A final decision of the Appellate Court *shall be issued as soon as practicable* after the date on which the certified copy of the record of the case is filed with the clerk of the Appellate Court." (Emphasis added.)

Therefore, because the respondent suffered no harm in the previous termination proceedings, because there is a cognizable harm to the children who are imploring this court to grant the motion for reconsideration, and because the retroactive application of the new rule that the majority announced in *In re Yasiel R.*, supra, 317 Conn. 776, 789, contravenes principles of fundamental fairness and fair administration of justice, I would grant the motion for reconsideration and the relief sought therein.

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79a-12, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.